UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
:
NEWMARK & COMPANY REAL ESTATE, INC. : Civil Action No. _____
d/b/a NEWMARK, :
:
:
Plaintiff, : **COMPLAINT**
:
:
v. :
:
: **Jury Trial Demanded**
KS 50 SUSSEX AVENUE LP :
:
:
Defendant. :
---------------------------------------------------------------------x

Plaintiff, Newmark & Company Real Estate, Inc. d/b/a Newmark ("Plaintiff" or "Newmark"), as and for its Complaint against Defendant KS 50 Sussex Avenue LP ("KS 50" or "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. This is a breach of contract action involving Defendant's failure to pay a transaction fee to Newmark pursuant to the parties' written and binding contract ("the Financing Agreement"). The Financing Agreement dated May 10, 2022 is attached as **Exhibit A**.

2. Plaintiff is a New York-based commercial real estate services firm and an affiliate of Newmark Group, Inc., a publicly traded global real estate brokerage and advisory company.

3. In May 2022, Defendant engaged Plaintiff to serve as Defendant's exclusive agent for the financing associated with a property located at 50-54 Sussex Avenue and 18 Hoyt Street Newark, New Jersey (the "Property").

4. The Financing Agreement appoints Newmark as Defendant's exclusive agent for the financing of the Property through August 31, 2022 (the "Exclusive Period"). The Agreement

1

also provides that if Defendant accepts a commitment or enters into a term sheet or letter of intent during the Exclusive Period, and a consummation of such loan later takes place, Newmark shall be entitled to a transaction fee equal to 1% of the loan amount. Ex. A.

5. On June 6, 2022, Defendant entered into a term sheet with Valley Bank and Aviv Arava Management LLC regarding the financing of the Property.

6. On or before March 13, 2023, Defendant consummated a $49,908,489 construction loan on the Property with Valley Bank and Aviv Arava Management LLC.

7. Because Defendant entered into a term sheet for a loan financing the Property during the Exclusive Period and ultimately consummated a loan with that same lender, the fee payment obligations in the Financing Agreement have been triggered.

8. Pursuant to the Financing Agreement, Newmark is entitled to a fee equaling 1.0% of the loan amount. Applying this rate to the amount of the loan Defendant received on the Property, Newmark is entitled to a total of $499,084.89.

9. Accordingly, Newmark brings this action against Defendant to recover its transaction fees which are earned, due, and payable.

## THE PARTIES

10. Plaintiff Newmark is a New York corporation with its principal place of business at 125 Park Avenue, New York, New York. Newmark's New York-based Debt, Equity, and Structured Finance team is among the nation's foremost teams involved in arranging debt and equity for owners and investors in commercial property.

11. Defendant KS 50 is a New Jersey registered Limited Partnership with its principal place of business at 486 Market Street, Newark, NJ, 07105.

**JURISDICTION AND VENUE**

12. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.

13. This Court has personal jurisdiction over this action because Defendant conducts business in New York, including with respect to the events that gave rise to the claims in this matter. As an example, Frank Tonacchio, who signed the Financing Agreement on behalf of Defendant, resides and works out of New York, New York.

14. Venue is proper in this Court because this is the district in which a substantial part of the events or omissions giving rise to the claim occurred, including the negotiation and performance of the Agreement at issue.

**FACTUAL ALLEGATIONS**

15. On or about May 10, 2022, the parties executed the Financing Agreement. *See* Ex. A.

16. The Financing Agreement was signed on behalf of Defendant by Frank Tonacchio, a member of 50 Sussex Manager, LLC, the general partner of Defendant.

17. Pursuant to the Financing Agreement, Defendant engaged Newmark to act as its exclusive agent to apply on behalf of Defendant to a lender or lenders for the financing of the Property. Defendant agreed to "refer all inquiries from lenders, brokers or others concerning the Loan to Newmark" and that "all applications for a Loan during the Exclusive Period shall be submitted solely through Newmark." *Id*.

18. In consideration of Newmark's services, Defendant agreed that Newmark is entitled to a transaction fee of 1.0% of the "Loan amount committed to at closing of the Loan if such Loan closes during the Exclusive Period or pursuant to a commitment or term sheet or letter of intent entered into during the Exclusive Period." *Id*.

19.     The Exclusive Period in the Financing Agreement began on May 10, 2022 and ended on August 31, 2022. *Id.*

20.     Newmark's industry-leading Debt, Equity and Structure Finance Group, out of its offices in New York, provided substantial financing brokerage services to Defendant under the Financing Agreement, including marketing the Property to numerous potential sources of financing.

21.     Throughout the relationship established by the Financing Agreement, Newmark introduced Defendant to lenders and helped Defendant explore financing options.

22.     The opportunity to finance the Property was submitted to Valley Bank and Aviv Arava Management LLC by members of Newmark's team during the Exclusive Period.

23.     On June 6, 2022, Defendant entered into a term sheet with Valley Bank and Aviv Arava Management LLC regarding the financing of the Property. Because this occurred before August 31, 2022, the term sheet was entered into during the Exclusive Period.

24.     On or before March 13, 2023, Defendant consummated a $49,908,489 construction loan on the Property with Valley Bank and Aviv Arava Management LLC.

25.     In March 2023, Newmark sent Defendant a letter demanding payment of the transaction fee based on the closing of the Property.

26.     Defendant has not paid any amount of the transaction fee owed to Newmark.

27.     In the Financing Agreement, Defendant agreed that "in the event payment is not made when due, Newmark shall also be entitled to all collection costs it incurs in enforcing this agreement and collecting any judgment rendered thereon, including, without limitation, reasonable attorney's fees and disbursements." *Id.*

28. The parties agreed: the Financing Agreement "is the entire agreement between the parties regarding this subject matter. No prior agreement, representation or warranty, whether written or oral, by or between the parties regarding this subject matter, shall be binding upon these parties." *Id.*

29. The Financing Agreement is governed by the laws of the State of New York. *Id.*

## COUNT I – BREACH OF CONTRACT

30. Newmark repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

31. The Financing Agreement is a valid and binding contract.

32. Newmark has performed its obligations under the Financing Agreement.

33. Defendant breached the Financing Agreement by, among other things, failing to pay Newmark the transaction fee after closing a loan relating to the Property for which Defendant entered into a term sheet during the Exclusive Period as defined in the Financing Agreement.

34. As a direct and proximate result of Defendant's breach of the Financing Agreement, Newmark has been damaged in an amount to be determined at trial but in no event less than $499,084.89.

## PRAYER FOR JUDGMENT

**WHEREFORE**, Newmark respectfully requests judgment to be made and entered against Defendant and in favor of Newmark as follows:

   a. Awarding compensatory damages in an amount to be determined at trial, but in no event less than $499,084.89;

   b. Awarding pre-judgment and post-judgment interest;

    c.  Awarding the costs and expenses of this action, including attorney's fees, as provided for by the Financing Agreement; and

    d.  Granting such other and further relief that the Court deems just and proper.

| | |
|---|---|
| Dated: May 9, 2023<br>New York, New York | **NEWMARK & COMPANY REAL ESTATE D/B/A NEWMARK**<br><br>By:    */s/* Nirav Shah<br>  Nirav Shah, Assistant General Counsel<br>  Mitchell Nobel, Assistant General Counsel<br>  110 East 59th Street, 7th Floor<br>  New York, New York 10022<br>  (212) 294-7873<br>  nirav.shah@cantor.com<br>  mitchell.nobel@cantor.com<br>    *Attorneys for Plaintiff Newmark & Company Real Estate d/b/a Newmark* |