

January 30, 2024

**VIA ECF**

The Honorable Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      RE:    Newmark & Company Real Estate, Inc., d/b/a Newmark, V. KS 50 Sussex Avenue LP and 50 Sussex Redevelopment Urban Renewal, LLC, No. 23-CV-3888 (AS)

Judge Subramanian:

      I write on behalf of Plaintiff Newmark & Company Real Estate, Inc., d/b/a Newmark ("Newmark") in response to the Court's Order of January 30, 2024, instructing the parties to submit a joint letter advising the Court of their availability for trial. Plaintiff writes, albeit belatedly, to request an extension of the deadlines for the conclusion of discovery and the filing of motions. Plaintiff had not yet made this application at the time of the Court's Order because Plaintiff has spent months trying to reach a stipulation on a discovery extension with Defendant's counsel, who had delayed discovery by declining to accept service on behalf of Defendant 50 Sussex Redevelopment Urban Renewal, LLC and failing for several weeks to provide dates of availability for any witnesses. While Plaintiff should have raised these issues with the Court before the close of discovery, Plaintiff was hopeful that the parties could reach a mutually agreeable resolution.

      Plaintiff filed an Amended Complaint on October 23, 2023, and provided a copy to Defendant's counsel on that same day. Ex. A at 9. Defendants' counsel refused to accept service, indicating that he was uncertain as to whether he would represent Defendant 50 Sussex Redevelopment Urban Renewal, LLC. Plaintiff then effectuated service on December 8, and alerted Defendants' counsel immediately. *Id.* at 8-9. Defendants' counsel did not respond, and neither Defendant filed an Answer. Plaintiff's counsel reached out regarding the timing of this Answer on December 13, and only then did Defendant's counsel confirm he would represent both parties. *Id.* at 7-8. The parties then agreed that the Answer to the Amended Complaint would be filed on January 5, 2024. *Id.* at 6-7.

      Having finally served Defendant 50 Sussex Redevelopment Urban Renewal, LLC, Plaintiff sought a deposition of that Defendant's corporate representative and other deponents on December 20, 2023. *Id.* at 6. Plaintiff followed up on these requests by phone and by email. *Id.* at 5-6. On January 12, Plaintiff's counsel and Defendants' counsel had a telephonic conference in which Defendants' counsel indicated that he wanted to stipulate to a briefing schedule on motions for judgment on the pleadings and would not agree to depositions in the meantime. Plaintiff responded with a proposed schedule. *Id.* at 4-5. Defendants' counsel did not respond to Plaintiff's multiple follow-up emails until January 22. *Id.* at 3-4. On January 22, Defendant's counsel changed course and indicated that Defendants were no longer interested in motion practice, were willing to sit for

depositions, but would not be available until the week of February 12.  *Id.* at 2-3.  Plaintiff has spent the week since then following up in the hope of agreeing to a stipulation.  *Id.* at 1-2.

While Plaintiff recognizes that the need for an adjournment should have been raised to the Court earlier, Plaintiff has only had an Answer from both Defendants for a month and has been diligently trying to get Defendants to agree to a schedule for moving this case forward.

Plaintiff requests that the Court order that the deadline for the conclusion of discovery be extended from January 12 to February 23 and that the motions deadline be extended from January 26 to March 15.  Defendants' counsel has indicated that Defendants consent to this proposed adjournment.  This would be the first extension in this case.

Respectfully submitted,

Counsel is correct that an extension should have been sought before the deadline, even if without the consent of the other side. The Court has already reminded the parties once of the Court's individual practices regarding decorum and discovery disputes. Dkt. 33. The Court will extend the discovery deadline to February 23, 2024, and the motions deadline to March 8, 2024. If further discovery disputes arise, the parties **must** follow the Court's meet-and-confer practices and then, if those fail, bring the issue to the Court's attention immediately. **The Court will not grant any further extensions for any reason.** If either side fails to cooperate in discovery, they may be subject to sanctions under Rule 37.

/s/  Mitchell Nobel
Nirav Shah
Mitchell Nobel
Candice Leanna Ellis
110 East 59th Street, 7th Floor
New York, New York 10022
Tel.:  (212) 829-7069
Mitchell.Nobel@cantor.com

*Attorneys for Plaintiff Newmark & Company Real Estate, Inc., d/b/a Newmark*

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: January 30, 2024