UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEWMARK & COMPANY REAL ESTATE, INC.,

                      Plaintiff,

-against-

KS 50 SUSSEX AVENUE LP et al.,

                      Defendants.

23-cv-3888 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

This case was filed on May 9, 2023. Dkt. 1. In March 2024, Defendants retained new counsel, who flagged a jurisdictional defect: Defendants had previously misstated their citizenship. Dkt. 49. In two joint letters to the Court, Defendants had represented that diversity jurisdiction was proper because Defendants' limited partners were all New Jersey citizens (and Plaintiff is a New York corporation). Dkts. 12, 16. But Defendants' new counsel revealed (six days before the close of discovery) that one Defendant had an undisclosed partner, which was an LLC with New York–citizen members. Dkt. 49. Plaintiff conceded that the Court did not have subject-matter jurisdiction. Dkt. 55. The Court dismissed the case but retained jurisdiction over any potential sanctions motion. Dkt. 60 (citing authority for retaining jurisdiction).

Plaintiff has moved for sanctions under 28 U.S.C. § 1919 and the Court's inherent authority.[1] Dkt. 62; Dkt. 63 at 5–6. The Court also issued an order to show cause under Federal Rule of Civil Procedure 11(c)(3). Dkt. 67.

## LEGAL STANDARDS

Under 28 U.S.C. § 1919, "[w]henever any action … is dismissed … for want of jurisdiction," the Court "may order the payment of just costs." "Whether to award 'just costs' pursuant to Section 1919 is within the discretion of the district court." *Paulo v. Agence France-Press*, 2024 WL 35973, at *5 (S.D.N.Y. Jan. 3, 2024). In exercising that discretion, the Court "should consider what is most fair and equitable under the totality of the circumstances." *Otay Land Co. v. United Enterprises Ltd.*, 672 F.3d 1152, 1157 (9th Cir. 2012). Unlike the powers discussed below, "costs may be justly awarded even absent extraordinary circumstances," *id.* at 1158, but § 1919 does not authorize the award of attorneys' fees, *Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 124 (2d Cir. 2013).

---

[1] Plaintiff also "requests that the Court note that each party had a full and fair opportunity to engage in discovery, which had completed at the time of dismissal." Dkt. 63 at 10. All the Court has to say on this topic is in the body of this opinion; the Court is not in the business of issuing advisory opinions.

Under the Court's "inherent power," it may "assess costs and attorneys' fees against either the client or his attorney where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) (internal quotation marks omitted). The Second Circuit, "in recognizing the need for restraint, has always required a particularized showing of bad faith to justify the use of the court's inherent power." *Id.* The movant must have "clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes[,] and a high degree of specificity in the factual findings of the lower courts." *Id.* (cleaned up).

Under Rule 11, the Court may order a party to pay "reasonable attorney's fees and other expenses" for certain misconduct. Fed. R. Civ. P. 11(c)(4). Under Rule 11(c)(3), "the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Unlike Rule 11(c)(2) (which permits an opposing party to move for sanctions), Rule 11(c)(3) permits the Court "to issue sanctions *sua sponte* without affording the offender the opportunity to withdraw the challenged document." *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013). Because the Court's power is unrestrained by the usual "safe harbor," "*sua sponte* sanctions … should issue only upon a finding of subjective bad faith." *Id.*

## DISCUSSION

Under § 1919, the Court awards costs of $6,479.15. Costs are warranted here. Defendants repeatedly misrepresented their citizenship, wasting time and resources. Defendants contend that they, as laypeople, didn't appreciate the significance of accurately disclosing who their partners were. Dkt. 68 at 2. Even so, and even assuming that Defendants' prior counsel shoulders more of the blame, Defendants still bear some responsibility for the accuracy of their filings, especially when they deal with simple factual matters that Defendants should know about and that they likely provided to their attorney. *See Weddington v. Sentry Indus., Inc.*, 2019 WL 5212355, at *2 (S.D.N.Y. Oct. 16, 2019). Even if Defendants aren't entirely responsible for the error, it would be more unjust to let them get off scot-free. *Cf. Otay*, 672 F.3d at 1159 ("Thus, the sole question before the court … can be restated simply as 'what is fair here?'" (citation omitted)).

The amount of costs is warranted too. Plaintiff's requested costs are broken down in its counsel's declaration. *See* Dkt. 64 ¶ 11. The costs of filing and serving the complaint have plainly been wasted. And though these costs also would have been wasted had Defendants raised the jurisdictional defect immediately, Defendants don't address these costs. *See* Dkt. 65 at 13. The rest of the costs are associated with depositions. Defendants say those costs are not wasted because the depositions can be used in any future state-court action. *Id.* That may be true. But as Plaintiff points out, Defendants have refused to agree to any limits on the scope of the state action. Dkt. 66 at 8. Defendants are within their rights not to agree, but it does create at least a meaningful risk that these witnesses will need to be deposed again, as new evidence comes out or new arguments are made. Dkt. 66 at 8. Although the follow-up depositions might not be as long, all the expense and

inconvenience that come with conducting two depositions of a witness rather than one are attributable to the jurisdictional issue. So the Court finds it "just" under § 1919 to award all of Plaintiff's modest costs request.

But the Court declines to award attorneys' fees under its inherent power or Rule 11. Plaintiff has not shown Defendants' bad faith, let alone clearly and particularly. Plaintiff argues that Defendants knew or should have known who their limited partners were and should have disclosed all of them. Dkt. 63 at 7. True, but the failure to disclose alone doesn't show bad faith. And the cases Plaintiff cites are inapt. As Plaintiff itself describes them, they involve courts imposing sanctions when "parties misrepresented their citizenship *in order to conceal* a lack of diversity jurisdiction." *Id.* (emphasis added). There is no evidence of that intent here. Nothing suggests that it was anything more than an (unfortunate) oversight.

The rest of Plaintiff's brief airs its frustrations with Defendants. It says Defendants' answer included an "inexplicable denial [that] led to motion practice," Defendants "needlessly delayed discovery" by "refusing to provide dates of availability for depositions" and then raising "baseless objections," and Defendants now refuse to stipulate to any limits on the state action. *Id.* at 4, 7. All these actions might well have been costly and annoying, but they are not so unusual or egregious as to show Defendants' bad faith—let alone with respect to the diversity issue.

The closest Plaintiff comes in showing some connection between Defendants' conduct and the citizenship problem is in claiming that Defendants objected to "inquiry into the corporate structure of Defendants." *Id.* at 4. Yet Plaintiff does little to develop this argument. And Plaintiff was of course free to seek a court order to compel certain testimony or documents. When Plaintiff did seek the Court's intervention in this case, those motions were uniformly granted. *See* Dkts. 37, 40. In fact, as the Court recalls it, the parties called the Court to resolve an objection during a deposition on this very issue (or a closely related one), and the Court ordered the witness to answer. Finally, any potential hint of bad faith is difficult to reconcile with Defendants' immediately pointing out the diversity issue as soon as they retained new counsel. That timing also suggests that it was merely a mistake on the part of Defendants' prior counsel.

## CONCLUSION

For these reasons, Plaintiff's motion for sanctions is GRANTED IN PART AND DENIED IN PART. The Court orders Defendants to pay Plaintiff's costs in the amount of $6,479.15. The motion is denied in all other respects. The Clerk of Court is directed to close Dkt. 62.

SO ORDERED.

Dated: June 13, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge